# CIRCUIT COURT OF THE CITY OF HAMPTON

Helen M. Eason,
Administratrix
of the Estate of
Mary Francis Taylor,
deceased

v.

Sentara CarePlex Hospital,
Sentara Hospitals,
and John K. Brady

May 29, 2014

Case No. CL12-470

BY JUDGE CHRISTOPHER W. HUTTON

I have reviewed my notes of the hearing of April 17, 2014, along with the Motions and Memoranda filed for that hearing, and Exhibit # 1 filed by Mr. Waterman on April 17, 2014. Also, I have reviewed those sections of the Virginia Code relevant to these issues as well as the pertinent Rules of the Virginia Supreme Court. I regret to being unable to provide as scholarly a response on these issues such as many I have read; however, the resources of the Eighth Judicial Circuit do not include law clerks. The well-briefed Memoranda of counsel provide thorough guidance for the rulings below and are otherwise available for review.

As promised at the conclusion of the most recent hearing, my rulings are concise and hopefully sufficient in detail so as to adequately address the current issues.

## Policies and Procedures

Many Virginia circuit court judges have ruled on this issue within the last thirty years. One most prolific writers has been Justice Donald W. Lemons of the Virginia Supreme Court when he sat as a circuit court judge. The clear direction of those rulings is an inexorable march to more disclosure.

Following these rulings and those of many other circuits, I rule that the Defendant's Policies and Procedures Manual is discoverable. This document may lead to discoverable evidence. While a Policies and Procedures Manual does not set the applicable Standard of Care, it does reveal an environment in which the Standard of Care may be considered. Whether or not the Manual is admissible is not addressed here.

### Audit Trail

There is no dispute, and it is well settled, that medicine has long past evolved from that time when "a patient's chart" was a clipboard hung on the foot of bed. The ability to record and store vast quantities of information about a patient grows rapidly. The General Assembly is challenged each year with revision of Virginia Code § 8:01-413 in updating the law as record keeping advances even faster. That difficulty does not diminish the intent of the law to instruct that a patient is entitled to review his or her entire "medical record." Thus, the Audit Trail sought by the Plaintiff in this matter is discoverable. This includes metadata.

Should there be any ruling from the Virginia Supreme Court on the *Temple* Case relevant to these issues, a further consideration will be appropriate to either expand or contract my rulings.